IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY LYNN SUTTON,

           Petitioner,                  No. 2:12-cv-0187 KJN P

    vs.

MATTHEW CATE,

           Respondent.             <u>ORDER</u>

_____/

I. <u>Introduction</u>

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner consented to proceed before the undersigned for all purposes. <u>See</u> 28 U.S.C. § 636(c).

        Petitioner seeks leave to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

        Petitioner claims that his federal constitutional right to due process was violated by a 2009 decision of the California Board of Parole Hearings (hereafter "the Board") denying him a parole date. Petitioner claims the Board arbitrarily and capriciously denied petitioner parole in the absence of some evidence he is a current danger to society, denying petitioner due

1  process "as guaranteed by the Fifth and Fourteenth Amendments." (Dkt. No. 1 at 5.) For the

2  reasons stated below, this court finds that the petition should be dismissed.

3  II.  Standards

4          Under Rule 4 of the Rules Governing Section 2254 Cases, the court must conduct

5  a preliminary review of § 2254 habeas petitions and dismiss any petition where it plainly appears

6  that petitioner is not entitled to relief in this court.  Rule 4 of the Rules Governing Section 2254

7  Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any

8  attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4,

9  Rules Governing Section 2254 Cases; see also Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir.

10  1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits

11  when no claim for relief is stated").  However, a petition for writ of habeas corpus should not be

12  dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded

13  were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

14  III.  Due Process Claims

15          The Due Process Clause of the Fourteenth Amendment prohibits state action that

16  deprives a person of life, liberty, or property without due process of law.  A litigant alleging a

17  due process violation must first demonstrate that he was deprived of a liberty or property interest

18  protected by the Due Process Clause and then show that the procedures attendant upon the

19  deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson,

20  490 U.S. 454, 459-60 (1989).

21          A protected liberty interest may arise from either the Due Process Clause of the

22  United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

23  expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209,

24  221 (2005) (citations omitted).  The United States Constitution does not, of its own force, create

25  a protected liberty interest in a parole date, even one that has been set.  Jago v. Van Curen, 454

26  U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no

1  constitutional or inherent right of a convicted person to be conditionally released before the

2  expiration of a valid sentence.").  However, "a state's statutory scheme, if it uses mandatory

3  language, 'creates a presumption that parole release will be granted' when or unless certain

4  designated findings are made, and thereby gives rise to a constitutional liberty interest."

5  Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (a

6  state's use of mandatory language ("shall") creates a presumption that parole release will be

7  granted when the designated findings are made.).

8          California's parole statutes give rise to a liberty interest in parole protected by the

9  federal due process clause.  Swarthout v. Cooke, 131 S. Ct. 859, 863 (2011).  In California, a

10  prisoner is entitled to release on parole unless there is "some evidence" of his or her current

11  dangerousness.  In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29

12  Cal.4th 616, 651-53 (2002).  However, in Swarthout the United States Supreme Court held that

13  "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive

14  federal requirement."  Swarthout, 131 S. Ct. at 864.  In other words, the Court specifically

15  rejected the notion that there can be a valid claim under the Fourteenth Amendment for

16  insufficiency of evidence presented at a parole proceeding.  Id.  Rather, the protection afforded

17  by the federal due process clause to California parole decisions consists solely of  the "minimal"

18  procedural requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . .

19  a statement of the reasons why parole was denied."  Swarthout, 131 S. Ct. at 863-64.

20          Here, the record reflects that petitioner was present at the June 25, 2009 parole

21  hearing, that he participated in the hearing, and that he was provided with the reasons for the

22  Board's decision to deny parole.  (Dkt. No. 1 at 36-136.)  According to the United States

23  Supreme Court, the federal due process clause requires no more.

24  V.  Conclusion

25          Accordingly, IT IS HEREBY ORDERED that:

26          1.  Petitioner's motion to proceed in forma pauperis is granted; and

1    2.  This action is summarily dismissed.  Rule 4, Rules Governing Section 2254

2 Cases.

3 DATED:  May 30, 2012

4

5              _____

6             KENDALL J. NEWMAN
              UNITED STATES MAGISTRATE JUDGE

7 sutt0187.bph.156

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26